UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLAYTON COWLING, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|   *vs*. | ) | 1:11-cv-01719-JMS-TAB |
| | ) | |
| ROLLS ROYCE CORPORATION, | ) | |
|    *Defendant*. | ) | |

## ORDER

Presently before the Court in this alleged employment discrimination action is Defendant Rolls Royce Corporation's ("Rolls Royce") Motion to Dismiss Plaintiff's Complaint and/or Cap Plaintiff's Damages Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, [dkt. 9]. For the following reasons, the Court grants Rolls Royce's motion.

## I.
### BACKGROUND

**A. Mr. Cowling's Chapter 13 Bankruptcy**

On March 27, 2008, Mr. Cowling filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana ("the Petition"). [Dkt. 10-1; *see also In re Cowling*, No. 08-03286-JKC-13 at dkt. 1.][1] On his "Schedule B – Personal Property" filed with the Petition, Mr. Cowling checked the "None" box for item 21, which asked him to list "[o]ther contingent and unliquidated claims of every nature…." [Dkt. 10-2 at 3.] Additionally, Mr. Cowling did not provide any information in response to the direction in item 21 to "[g]ive [the] estimated value of each" such

---

[1] When presented with a factual challenge to a court's subject-matter jurisdiction under Rule 12(b)(1), the court may consider evidence beyond the pleadings in order to make the necessary factual determinations to resolve its own jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

claim. [*Id.*]   Mr. Cowling filed an amended Petition on August 25, 2008, [dkt. 10-3 at 3], an amended Chapter 13 Plan on September 25, 2008, [*id.*], amended Schedules to go with his amended Chapter 13 Plan on September 25, 2008, [*id.*], another amended Chapter 13 Plan on January 22, 2009, [dkt. 37 in *In re Cowling*, No. 08-03286-JKC-13], an amended Schedule to go with his amended Plan on February 17, 2009, [dkt. 42 in *In re Cowling*], and a Motion to Incur New Debt on December 8, 2009, [dkt. 10-4].  Mr. Cowling did not disclose any claims or potential claims relating to the alleged discrimination that is the subject of this lawsuit in any of those filings.  [*See* dkts. 25, 28, 29, 37, and 42 in *In re Cowling*.]

### B. Mr. Cowling's Charges of Discrimination

On May 21, 2010, while his Petition was pending, Mr. Cowling, who is an African American employee at Rolls Royce, [dkt. 3 at 1-2, ¶¶ 2, 7-8], filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Rolls Royce.  [Dkt. 3-1 at 1.]  In his EEOC charge, Mr. Cowling stated that he faced racial discrimination and retaliation for complaining about discrimination beginning on November 2, 2009.  [*Id.*]  Mr. Cowling asserted that his immediate supervisor discriminated against him by yelling at him, putting his hands on him in an intimidating manner, and refusing to train him while agreeing to train his Caucasian counterparts.  [*Id.*]

Mr. Cowling filed a second charge of discrimination with the EEOC on October 2, 2010, stating that, beginning on July 26, 2010, he has been subjected to continuing harassment and a hostile work environment for filing his May 21, 2010 EEOC charge.  [Dkt. 3-2 at 1.]  Both of Mr. Cowling's EEOC charges ultimately resulted in "Notices of Right to Sue" issued on September 28, 2011, [dkts. 3-5; 3-6], which allowed Mr. Cowling to proceed with the instant lawsuit.

### C.  The Lawsuit

Mr. Cowling filed his Complaint on December 27, 2011, [dkt. 1], and the operative Amended Complaint on April 24, 2012, [dkt. 3].  He alleges that he has "been subject to harassment and a hostile work environment by his supervisor…by continuously yelling at and ridiculing [him] and subjecting his work to excessive scrutiny which was not imposed upon similarly situated white employees in the plant which has interfered with and made it difficult for [him] to discharge the duties of his job."  [*Id.* at 3, ¶ 20.]  Mr. Cowling also asserts that he "was denied training needed to adequately perform his job, while such training was provided to similarly situated white employees at the plant."  [*Id.* at 3, ¶ 21.]  Mr. Cowling asserts claims for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.  [*Id.* at 4, ¶ 23.]  Rolls Royce now moves to dismiss the Complaint for lack of jurisdiction or, if the Complaint is not dismissed, to cap Mr. Cowling's claimed damages pursuant to the doctrine of judicial estoppel.  [Dkt. 9.]

## II.
## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is to test the sufficiency of the complaint, not to decide the merits of the case.  Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction.  Jurisdiction is the "power to decide" and must be conferred upon the federal courts.  *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).  Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1).  *Hoffman v. Gard*, 2010 U.S. Dist. LEXIS 112245, *2 (S.D. Ind. 2010).

The Court must accept as true the factual allegations of the complaint, viewing them in the light most favorable to the plaintiff, and making all reasonable inferences in their favor.

*Sanner v. Board of Trade*, 62 F.3d 918, 925 (7th Cir. 1995).  However, when faced with a challenge to its subject-matter jurisdiction, the Court may look beyond the complaint and review any other evidence to resolve the jurisdictional issue.  *Halker v. United States*, 2010 U.S. Dist. LEXIS 72339, *6 (S.D. Ind. 2010).  The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims.  *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## III.
### DISCUSSION

### A. Whether Mr. Cowling's Discrimination Claims Against Rolls Royce Are Part of the Bankruptcy Estate

At the outset, the Court must determine whether the claims Mr. Cowling asserts in this lawsuit should be included in his Chapter 13 bankruptcy estate.  The clear answer is "yes."  Under the Bankruptcy Code, a debtor must schedule as assets "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  Additionally, causes of action which the debtor acquires while the bankruptcy is pending are also considered property of the bankruptcy estate.  11 U.S.C. § 1306(a)(1) ("Property of the [Chapter 13 bankruptcy] estate includes…all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted…").

Mr. Cowling's discrimination claims against Rolls Royce, which he acquired while his bankruptcy proceeding was pending,[2] are the property of the bankruptcy estate.  *See Rainey v. UPS*, 2012 U.S. App. LEXIS 5003, *2-4 (7th Cir. 2012) (discrimination claim which arose after Chapter 13 payment plan confirmed and before case was closed was property of the estate).

---

[2] Mr. Cowling filed his Petition on March 27, 2008, [dkt. 10-1], and asserted in his May 21, 2010 EEOC charge that he first faced discrimination on November 2, 2009, [dkt. 3-1 at 1].  Accordingly, the claims he asserts herein accrued after he filed his Petition.

### B. Mr. Cowling's Duty to Disclose His Discrimination Claims in the Bankruptcy

Mr. Cowling had a continuing duty to update his Petition to include accurate information regarding the property in the estate. *See id.* at *4 ("Debtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open"); *Robertson v. Flowers Baking Co. Lynchburg, LLC*, 2012 U.S. Dist. LEXIS 29854, *18-19 (W.D. Va. 2012) (plaintiff's age discrimination claim, which arose after he filed Chapter 13 petition, dismissed for lack of standing where he failed to disclose it in bankruptcy proceeding. Court stated "the debtor's duty to disclose does not end once the petition and related forms are submitted to the bankruptcy court….Rather, this duty continues through the pendency of the bankruptcy proceeding and requires the Plaintiff to amend his financial statements if his situation changes"); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) (debtor's duty to disclose financial affairs in bankruptcy filings "is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change"); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) ("every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541").

Rolls Royce argues that Mr. Cowling has not disclosed his claims in this lawsuit in his Chapter 13 bankruptcy, despite "amend[ing] his bankruptcy petition and/or corresponding schedules on at least four (4) occasions after filing for bankruptcy, and further fil[ing] a motion to incur debt…." [Dkt. 10 at 2.] Mr. Cowling does not dispute Rolls Royce's assertion that he has not disclosed his claims; instead, he simply argues that he has satisfied his commitments under his Chapter 13 plan and his claims should not be dismissed based on either judicial estoppel or lack of standing. [Dkt. 13 at 1-2.]

As noted above, it is Mr. Cowling's burden to establish that he has standing to pursue his claims. *Lee*, 330 F.3d at 468. Accordingly, if Mr. Cowling had disclosed his claims in his bankruptcy, the Court assumes he would have argued so. *See, e.g., Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present….Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief").

In any event, a review of the record in Mr. Cowling's bankruptcy case indicates that he has not, in fact, disclosed the claims he makes in this lawsuit. While Mr. Cowling could not have been expected to disclose his discrimination and retaliation claims prior to November 2, 2009 – the date he provides in his May 21, 2010 EEOC charge as the first instance of discrimination, [dkt. 3-1 at 1], – a review of filings in his bankruptcy case indicates that he did not disclose either of his EEOC charges or this lawsuit after November 2, 2009. Indeed, Mr. Cowling's only post-November 2, 2009 filing in the bankruptcy proceeding, aside from a notice of change of address, was his Motion to Incur New Debt, [dkt. 10-4]. Mr. Cowling makes no mention of the EEOC charges or this lawsuit in that Motion. [*Id.*] Accordingly, he has failed to satisfy his continuing duty to disclose actual or potential legal claims to the bankruptcy court.

### C.  The Effect of Mr. Cowling's Failure to Disclose on His Standing

Rolls Royce argues that, because he has failed to disclose his discrimination and retaliation claims in his bankruptcy, Mr. Cowling lacks standing to assert them here. [Dkts. 10 at 4-8; 15 at 6-8.] Mr. Cowling responds that a debtor remains in possession of his estate during the pendency of a Chapter 13 bankruptcy and, thus, he has standing to bring his discrimination and retaliation claims here. [Dkt. 13 at 1-2.]

When a debtor *has* disclosed a pending lawsuit in his bankruptcy proceeding, he can have standing to pursue that lawsuit on behalf of the bankruptcy estate. *See, e.g., Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999) ("Under the reorganization chapters, the debtor-in-possession steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate"); Fed. R. Bankr. P. 6009 (a Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims on behalf of the estate). However, when – as here – the debtor *has not* disclosed a pending lawsuit in his bankruptcy proceeding, that standing is lacking. Simply put, the debtor cannot be said to be pursuing the claims on behalf of the estate when he has not even disclosed their existence to the estate. *See Tucker v. Closure Sys. Int'l*, 2011 U.S. Dist. LEXIS 110786, *5-6 (S.D. Ind. 2011) (where debtor failed to disclose discrimination claims which existed at time she filed for bankruptcy, court held she was not bringing discrimination claims on behalf of the state and lacked standing to pursue her discrimination lawsuit at the time it was filed); *Calvin v. Potter*, 2009 U.S. Dist. LEXIS 73862, *9 (N.D. Ill. 2009) ("[plaintiff's] active misrepresentation in her bankruptcy proceedings [by failing to disclose discrimination claims] demonstrates that she is *not* bringing her discrimination claims *on behalf of or for the benefit of* her bankruptcy estate") (emphasis in original); *Becker v. Verizon North, Inc.*, 2007 U.S. App. LEXIS 9879, *3-5 (7th Cir. 2007) (debtor lacked standing to pursue lawsuit where she failed to disclose it in her Chapter 13 bankruptcy).

As discussed above, Mr. Cowling does not dispute the fact that he has not disclosed this lawsuit in his Chapter 13 bankruptcy proceeding. Accordingly, he cannot be bringing this lawsuit on behalf of the bankruptcy estate. *Tucker*, 2011 U.S. Dist. LEXIS 110786 at *5-6. And, significantly, Mr. Cowling does not even purport to be bringing this lawsuit on behalf of the bankruptcy estate, either in his Response to Rolls Royce's Motion to Dismiss, [dkt. 13], or oth-

erwise.  Because he has not disclosed the lawsuit, he does not have standing to bring the claims he asserts here.

### D.  Application of Judicial Estoppel

Rolls Royce argues that "[if] this lawsuit ultimately is permitted to proceed…judicial estoppel is warranted in this case due to [Mr. Cowling's] continuing refusal to disclose this asset to the bankruptcy court, and it should be invoked to cap [Mr. Cowling's] damages, if any, at what is owed to his creditors."  [Dkt. 15 at 8.]  Since Mr. Cowling has not disclosed this lawsuit in his bankruptcy proceeding despite ample opportunity to do so, resulting in his lack of standing to bring this lawsuit, the Court need not address Rolls Royce's judicial estoppel argument.

### IV. CONCLUSION

For the foregoing reasons, Rolls Royce's Motion to Dismiss Plaintiff's Complaint and/or Cap Plaintiff's Damages Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, [dkt. 9], is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.[3]  Further, Rolls Royce's Motion for Summary Ruling, [dkt. 12], is **DENIED AS MOOT**.

10/05/2012

*Hon. Jane Magnus-Stinson, Judge*
*United States District Court*
*Southern District of Indiana*

---

[3] "[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice." *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (citations omitted).

**Distribution via ECF only:**

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

**Distribution via United States Mail:**

CLAYTON COWLING
8412 Autumn Leaf Ct.
Apt. H
Indianapolis, IN 46268-3666